950 So.2d 654 (2007)
Linda Duncan BELL
v.
TREASURE CHEST CASINO, L.L.C. and Juanita Morgan.
No. 2006-CC-1538.
Supreme Court of Louisiana.
February 22, 2007.
Stephen M. Chouest & Associates, APLC, Stephen Michael Chouest, Metairie, Donald L. Rose, III, for Applicant.
*655 Murphy, Rogers, Sloss & Gambel, Robert Hugh Murphy, Peter Brooks Sloss, New Orleans, Mark Thomas Mahfouz, for Respondent.
Stephen Jay Herman, for Louisiana Trial Lawyers Association, Amicus Curiae.
TRAYLOR, Justice.
We granted this writ application to determine whether the court of appeal erred in reversing the judgment of the trial court. For the reasons which follow, we reverse the ruling of the court of appeal and reinstate the judgment of the trial court.

FACTS and PROCEDURAL HISTORY
On July 14, 2004, the plaintiff, Linda Duncan Bell (Bell), was allegedly struck in the back by a pushcart and injured while playing a slot machine at the Treasure Chest Casino (Treasure Chest). The pushcart was operated by Juanita Morgan, a Treasure Chest employee. At the time of the accident, Treasure Chest operated security cameras throughout the casino, one of which captured the event on videotape.
After Bell filed the instant suit, she propounded discovery to Treasure Chest, asking that the videotape be produced. Treasure Chest refused to produce the videotape, stating that it contained impeachment evidence which was not required to be produced until after Bell was deposed, according to this Court's opinion in Wolford v. JoEllen Smith Psychiatric Hosp., 96-2460 (La.5/20/97), 693 So.2d 1164.
Following Bell's filing of a motion to compel, the trial court ordered Treasure Chest to produce the videotape within fourteen days. Treasure Chest appealed the decision, and the court of appeal, citing Wolford, summarily reversed, stating that the plaintiff had not set forth special circumstances which would warrant pre-deposition production of the videotape.
The narrow issue before the Court is whether Treasure Chest is required to produce a surveillance videotape of the actual accident which was created for purposes other than impeachment, prior to plaintiff's deposition.

DISCUSSION
In the Wolford case, the plaintiff was injured in October of 1990 while performing an obstacle course exercise which was part of a physical therapy program. She brought suit against the hospital which ran the program, and made a discovery request for any surveillance videotapes in the hospital's possession. The hospital admitted possessing two surveillance videotapes, one made in 1993 and the other in 1995, but refused to produce the videotapes until after the plaintiff had given a supplemental deposition.
This Court stated that videotapes such as these, "ostensibly picturing a personal injury plaintiff engaged in physical activity," were "highly relevant to the plaintiff's claim for damages as the result of physical injury." Wolford, 693 So.2d at 1166. We agreed with our previous opinion on the subject, Moak v. Illinois Central Railroad Company, 93-0783 (La.1/14/94), 631 So.2d 401, to the extent that such videotapes were generally discoverable. We held, though, that the production of videotapes specifically created for the purpose of impeaching plaintiffs as to the extent of their injuries were to be delayed until after a plaintiff's deposition, but that plaintiffs were entitled to such videotapes a reasonable time before trial. Wolford, 693 So.2d at 1168. We further held, agreeing with our opinion in McNease v. Murphy Construction Company, 96-0313 (La.11/8/96), 682 So.2d 1250, that special circumstances *656 might necessitate pre-deposition disclosure of impeachment videotapes.
Throughout the opinion, this Court, although using the generic term "surveillance videotape," clearly was speaking of surveillance videotapes made after an injury had occurred, for the purpose of impeaching a plaintiff as to the extent of his or her personal injury and any claimed limitations resulting therefrom. As stated, in such a case, the plaintiff would have the burden of showing special circumstances allowing pre-deposition disclosure. In other cases, such as the instant one, where a surveillance videotape shows the actual accident and was not created for the specific purpose of impeaching the plaintiff, surveillance videotapes are, as we stated in Moak, generally discoverable under our discovery rules. Because the videotapes are generally discoverable, it is the defendant, rather than the plaintiff, which must show special circumstances which would require postponing the production of the material.
At the hearing of the motion to compel the production of the videotape at issue in this case, the trial judge correctly distinguished between a videotape made specifically for impeachment purposes, as was the case in both Moak and McNease, and a security surveillance tape made for purposes other than impeachment and which shows the occurrence of the actual accident, as would an eyewitness. The importance of the videotape's showing of the actual circumstances of the accident, and its assistance to the parties in the search for truth, far outweigh any potential impeachment value.
As stated by the dissenters in Wolford, a trial judge has broad discretion in regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse of that discretion. Here, the trial judge has not clearly abused her discretion.

DECREE
For the foregoing reasons, we reverse the ruling of the court of appeal and reinstate the judgment of the trial court.
REVERSED AND REMANDED.
CALOGERO, C.J., concurs and assigns reasons.
CALOGERO, Chief Justice, concurs and assigns reasons:
I am in total agreement with the majority's decision to require the defendant in this case to produce the surveillance video of plaintiff's accident prior to the plaintiff's deposition. I write separately to reassert my opinion that Wolford v. JoEllen Smith Psychiatric Hospital, 96-2460 (La.5/20/97), 693 So.2d 1164, was wrongly decided by this court, for the reasons expressed in my dissent. Further, I believe that the majority of this court, on the right occasion, should take steps to overrule Wolford. This court should not have established a strict rule that requires a plaintiff to give a deposition before having access to the defendant's surveillance video, because that rule does not respect the district court's broad discretion to make decisions regarding pre-trial discovery. The rule expressed by this court in Moak v. Illinois Railroad, 93-0783 (La.1/14/94), 631 So.2d 401, should be reinstated.