PER CURIAM.
|TWe granted certiorari in this matter in order to determine whether plaintiffs must produce audio recordings and a witness for *1253 deposition prior to the defendants’ witness deposition. Because we find that the recordings were made for impeachment purposes, we hold that under the rule set out in Wolford v. JoEllen Smith Psychiatric Hospital, 96-2460 (La.5/20/97), 693 So.2d 1164, the production of the witness and audio recordings should not be disclosed until after defendants’ witness’ deposition.
Plaintiffs, nursing students, filed the instant suit against Our Lady of the Lake Nurse Anesthesia Program (“OLOL-NAP”), alleging defendants targeted plaintiffs for termination from the nursing program through harassment, bullying, stalking, and intimidation.
The matter proceeded to discovery. Plaintiffs filed a motion to compel the deposition of Phyllis Pederson, the director of OLOL-NAP and a fact witness, which the trial court granted. Later, the parties participated in a phone conference with the trial judge. At that time, OLOL-NAP informed the trial court they wished |2to take the deposition of Mike Ellender, a student at OLOL-NAP, who is in possession of audiotaped conversations between him and Ms. Pederson. At that time, the trial court ordered Mr. Ellender’s testimony and the audiotapes be produced prior to the deposition of Ms. Pederson. This order was not reduced to writing.
Thereafter, plaintiffs filed a motion for reconsideration, arguing Ms. Pederson’s deposition should be taken before the deposition of Mr. Ellender and production of other impeachment evidence, including audio surveillance by Mr. Ellender, whom plaintiffs contend is an impeachment witness. In support, plaintiffs relied on Wol-ford,, in which this Court found a plaintiffs deposition should be taken prior to the production of video surveillance impeachment evidence, and the impeachment evidence must be produced within a reasonable amount of time prior to trial. After a hearing, the trial court denied plaintiffs’ motion for reconsideration.
Plaintiffs sought supervisory review from this ruling. The Court of Appeal, First Circuit, denied the writ, stating:
This Court declines to exercise its supervisory jurisdiction. The criteria set forth in Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981)(per cu-riam) are not met.
Plaintiffs now apply to this court, seeking priority attention and a stay to protect the production of impeachment materials.
In Moak v. Illinois Central Railroad Co., 631 So.2d 401 (La.1994), this Court discussed the general rule that trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. The Court stated that the trial judge has the discretion to determine the appropriate timing for the pre-trial discovery of surveillance materials and the trial court may determine in any particular factual | osituation when the production of surveillance films, tapes or photographs will most likely assist the search for truth.
Next, in Wolford, this Court modified that general rule, holding that a trial court should not order the disclosure of surveillance tapes until after a deposition. The Court stated:
This rule best serves the overarching purpose of our system of justice — to search for the truth. Ours is an adversarial system of justice that relies on the ability and resources of adversaries to uncover the truth by testing each other’s evidence through a variety of methods, the most important of which is cross-examination. Moreover, in an adversarial system, the defendant has a right to a defense and to cross-examination. *1254 In a personal injury case, surveillance videotape can be critical to the defendant’s defense and ability to effectively cross-examine the plaintiff. Surveillance materials may thus serve an important function in the search for truth and, absent special circumstances, their value should be preserved by delaying their disclosure until after the deposition of the plaintiff.
Wolford, 693 So.2d at 1167-8.
Then, in Bell v. Treasure Chest Casino, L.L.C., 06-1538 (La.2/22/07), 950 So.2d 654, this Court narrowed the holding in Wol-ford, explaining that the opinion only applied to surveillance tapes made for the purpose of impeachment, and that in cases involving tapes of the actual incident, the tapes are generally discoverable and the non-mover has the burden of showing special circumstances to delay discovery. Such cases are thus governed by the general rule that a trial court shall have control over the timing of discovery.
Here, as stated above, we find that the surveillance audio tapes were made for the purpose of impeachment of defendants’ witness rather than as direct evidence and, therefore, the production of such impeachment materials should be delayed until after defendants’ witness’ deposition following the exception to the general rule set out in Wolford.
WRIT GRANTED; REVERSED; REMANDED
VICTORY, J., dissents for the reasons assigned by Justice WEIMER.
WEIMER, J., dissents and assigns reasons.