# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-110

**CARL WINN FONTENOT, ET AL.**

**VERSUS**

**ANITA M. FONTENOT, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2019-5377
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Van H. Kyzar, and Sharon Darville Wilson, Judges.

**REVERSED.**

**Ted W. Hoyt**
**D. Reardon Stanford**
**Hannah M. Dardar**
**Jena Kyle Wynne**
**Hoyt & Stanford, L.L.C.**
**315 South College Road, Suite 165**
**Lafayette, LA 70503**
**(337) 234-1012**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
  **Carl Fontenot**
  **Darwin Fontenot**

**David C. Laborde**
**Mary Katherine Cryar**
**Laborde Earles Law Firm, L.L.C.**
**1901 Kaliste Saloom Road**
**Lafayette, LA 70508**
**(337) 777-7777**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
  **Darwin Fontenot**
  **Carl Fontenot**

**Alan K. Breaud**
**Timothy W. Basden**
**Breaud & Meyers**
**P. O. Box 51365**
**Lafayette, LA 70505**
**(337) 266-2200**
**COUNSEL FOR APPELLEE AND DEFENDANTS/APPELLEES:**
  **Percy J. Fontenot, Inc.**
  **Eugene Fontenot, Trustee**
  **Duglas C. Frugé, II, Trustee**
  **Chris Rainey, Trustee**
  **Anita M. Fontenot, Trustee**

**Christian B. Landry**
**Daniel M. Landry**
**The Landry Law Firm**
**P. O. Box 3784**
**Lafayette, LA 70502**
**(337) 237-7135**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
  **Margo Soileau, Curatrix of David Fontenot**

**SAVOIE, Judge.**

Plaintiffs, Carl Fontenot and Darwin Fontenot, appeal the trial court's judgment granting Percy J. Fontenot, Inc.'s ("PJF, Inc.'s"), Motion to Quash a Notice of Subpoena Duces Tecum and issuing a Protective Order. PJF, Inc. is not otherwise a party to this litigation.[1] For the following reasons, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 29, 2019, Plaintiffs Carl Fontenot, Darwin Fontenot, and Margo Solieau, as curatrix of David Fontenot, filed a Petition for Breach of Fiduciary Duties, Damages, and Removal of Trustees, Distribution from Trust, and Termination of Trust. Anita Fontenot, Douglas Fruge, II, Chris Rainey, and Eugene Fontenot were named as Defendants in their capacities as trustees of The Percy and Elsie Fontenot Family Trusts ("the Family Trusts") and/or the 1984 Percy J. Fontenot Family Trust ("the 1984 Trust")(collectively referred to as "Trusts").

Plaintiffs and Defendants are extended family members related to Percy and Elsie Fontenot. Percy and Elsie, who are now deceased, created the Family Trusts on March 21, 1983, and they created the 1984 Trust on November 10, 2014. Plaintiffs are beneficiaries of both Trusts, and Defendants are co-trustees of one or both Trusts.[2] Specifically, Defendants, Anita Fontenot, Douglas Fruge, II (Anita's

---

[1] The judgment is appealable because it resolves all issues between the non-party and party seeking the subpoena duces tecum. *S.E. Prop. Holdings, LLC v. Chunn*, 17-246 (La.App. 3 Cir. 11/18/17), 231 So.3d 89.

[2] The August 29, 2019 Petition alleges that Defendant, Anita Fontenot, is a beneficiary of both Trusts and a director of PJF, Inc., and she is being sued in her capacity as trustee of both trusts. Douglas Fruge, II is also a director of PJF, Inc. and is sued in his capacity as trustee of the 1984 Trust. Chris Rainey is alleged to be the CPA of both Trusts and is sued in his capacity as trustee of both Trusts. Eugene Fontenot is sued in his capacity as trustee of the Family Trusts.

son), and Chris Rainey, are the trustees of the 1984 Trust, and Defendants, Anita Fontenot, Chris Rainey, and Eugene Fontenot are the trustees of the Family Trusts.

The Petition alleges that the Trusts own shares of stock in PJF, Inc., which is a closely held family corporation established by Percy and Elsie Fontenot. According to Plaintiffs, the Trusts together own one hundred percent of the Class A voting stock in PJF, Inc., with the 1984 Trust owning eighty percent, and the Family Trusts owning the remaining twenty percent. In addition, the Trusts together own approximately eighty percent of the Class B non-voting stock in PJF, Inc., with the remaining twenty percent owned equally by Carl Fontenot, Darwin Fontenot, David Fontenot, and Anita Fontenot.

Plaintiffs suggest that stock in PJF, Inc. constitutes the most valuable asset of the 1984 Trust and is the only asset of The Family Trusts, other than an insignificant amount of cash. Plaintiffs' Petition notes that a 2011 valuation performed by Defendant, Chris Rainey, valued PJF, Inc. at $13,059,269.44, prior to discounts, with shares owned by The Family Trusts valued at $7,013,961.68, and shares owned by the 1984 Trust valued at $3,513,795.21. Plaintiffs further contend that no stock in PJF, Inc. has paid dividends since 2012, despite "millions in cash and investments with which it could do so."

According to Plaintiffs, Defendants, as co-trustees of the Trusts that own all of PJF, Inc.'s voting stock, were empowered to vote the PJF, Inc. stock to select PJF, Inc.'s Board of Directors, and Anita Fontenot and Douglas Fruge, II (co-trustees), elected themselves as two of the three directors of PJF, Inc. The directors then selected PJF, Inc.'s officers, and Anita Fontenot is an officer PJF, Inc.

On September 20, 2019, Defendants filed exceptions of partial no cause of action and no right of action, arguing that Plaintiffs' claims primarily involved the management decisions of PJF, Inc. and other incorporated entities, rather than management of the Trusts. The trial court granted Defendants' exceptions but gave Plaintiffs thirty days within which to remove the grounds objected to by Defendants.

On March, 3, 2020, Plaintiffs filed a First Amended Petition for Breach of Fiduciary Duties, Damages, Removal of Trustees, Distribution from Trust, and Termination of Trust. They allege that Defendants breached their fiduciary duties to the Trusts, including their duty of loyalty, their duty of being a prudent investor, and their duty of administering the trusts in the best interest of the beneficiaries.

According to Plaintiffs, Defendants, as co-trustees, have elected themselves to PJF Inc.'s Board of Directors, appointed themselves as officers, paid themselves excessive salaries through PJF, Inc., reimbursed themselves for personal expenses with PJF, Inc.'s funds, and gave themselves exclusive access to recreational property owned by PJF, Inc. for their personal use. They also contend that PJF, Inc. intentionally does not show a profit and that Defendants are mismanaging the Trusts by engaging in self-dealing and enriching themselves at the expense of the trust beneficiaries.

Specifically, Plaintiffs' First Amended Petition states that Defendants breached their fiduciary duties owed to the trust beneficiaries, by, *inter alia*:

> [A]llowing PJF, Inc. – the only asset of The Family Trusts and a major asset of The 1984 Trust – to be underproductive to the detriment of the Beneficiaries[;]
>
> . . . .

. . . not voting the Class A stock in PJF, Inc., to elect a Board of Directors that would have been independent without conflicts of interest, caused dividends to be distributed, and caused a net profit to be earned, all of which would have been in the best interest of the Beneficiaries[;][]

. . . .

. . . taking no action to require PJF, Inc. to provide financial statements prepared by an independent CPA and including all of the disclosures and the statements and of changes in stockholders' equity and cash flows [;][]

. . . .

. . . not bringing a Derivative Action to recover losses caused to PJF, Inc., due to the mismanagement and breaches of fiduciary duty by the Directors and Officers, including, but not limited to:

A) Ratifying all acts of Officers of PJF, Inc., at the Board of Director meetings without discussion of what acts are being ratified;

B) Voting by interested Directors to ratify all actions taken by Officers of PJF, Inc., like buying a used vehicle and used Honda side by side from Directors and Officers;

C) Failing to collect payments on the mortgage filed . . . in the records of Lafayette Parish, Louisiana;

D) Operating a furniture store – The Hatchery – in the area east of Ville Platte known as Vidrine that operated at a loss for multiple years;

E) Opening an equine facility used in part for teaching kids to ride horses that operated at a loss;

F) Hiring uniformed police officers to deny access to certain individuals to the properties near Cazan Lake;

G) Firing an experienced farmer and hiring a farmer with no farming experience to farm the property owned by PJF, Inc.;

H) Allowing a non-employee, non-director, and non-officer of PJF, Inc., to have a PJF, Inc., credit card and charge items to the PJF, Inc., credit card;

4

I) Allowing personal expenses, like gas, food, flowers, and Parasailing in Destin, FL, to be charged to the PJF, Inc., credit card by Directors and Officers;

J) Improving the properties at Cazan Lake for personal benefit;

K) Incurring legal fees for frivolous law suits;

L) Operating an unregistered and unnamed pipeline distribution system that contains no odorant in the natural gas; and

M) Operating an unregistered and unnamed water distribution system.[]

. . . .

. . . not bringing a Derivative Action to recover losses caused to PJF, Inc., due to the breach of fiduciary duties by the Directors and Officers, including:

A) Paying excessive salaries to themselves;

B) Paying their personal expenses with PJF, Inc., funds; and

C) Improving the recreational properties . . . owned by PJF, Inc., for their own personal gain and benefit.[]

. . . .

. . . by allowing themselves to be in conflicted positions with [the Trusts] causing the Trustees . . . to not administer PJF, Inc. in the best interest of the Beneficiaries[;][]

. . . .

. . . [and] by holding onto an underproductive asset of the [Trusts] – PJF, Inc. – that has not produced income for years[.]

Plaintiffs further seek, *inter alia*, damages for Defendants' breaches of fiduciary duties, including damages under La.R.S. 9:2201 for the loss in value of the trust estate, the profit the trustees made, and the profit the trust estate should have earned. They also seek the removal of Defendants as trustees, as well as an order, in accordance with the Trust documents, requiring the trustees or newly appointed trustees to distribute the shares of stock from the 1984 Trust, to

distribute the principal in each of Plaintiff's respective individual trusts that form the Family Trusts, or, alternatively, to terminate the Family Trusts.

On June 1, 2020, Defendants filed Exceptions of Partial No Cause of Action and Partial No Right of Action as to Plaintiffs' First Amended Petition. The trial court denied Defendants' exceptions on August 17, 2020.

Thereafter, Plaintiffs, Carl Fontenot and Darwin Fontenot, issued a subpoena duces tecum to PJF, Inc., who is not a party to this litigation. The subpoena duces tecum required PJF, Inc. to produce various documents including, *inter alia*: financial statements for fiscal years beginning October 1, 2012, through September 30, 2016, and October 1, 2020, through the date of production; property appraisals and/or valuations of property owned by PJF, Inc. that were provided and/or available to Defendants after January 1, 2012; PJF's credit card statements beginning September 2021; minutes from shareholders' and board of directors' meetings; accounting records from the CPA regarding adjusting journal entries; tax returns for the year ending September 30, 2021; W2s and 1099 forms for 2020 and 2021; copies of invoices and receipts from enumerated vendors/providers; records reflecting PJF Inc.'s payment of Defendants' credit card bills; and reimbursements Defendants made to PJF, Inc. for the payment of personal or non-business related expenses.

On August 9, 2022, PJF, Inc., filed a Motion to Quash and for Protective Order and for Costs and Attorney Fees, seeking to quash the subpoena duces tecum. PJF, Inc. argued that the action was filed by Plaintiffs in their limited capacities as beneficiaries of the Trust and against Defendants in their limited capacities as trustees, and that the Trust Code does not confer any right on the part of Plaintiffs to demand the corporate records of an entity that is not a trustee and that is not a

6

party to this litigation.  PJF, Inc. further argued in its motion that La.R.S. 12:1-1602, which controls examinations of corporate records, does not confer a right of inspection of corporate records upon beneficiaries of a trust that owns stock in the corporation.

On October 11, 2022, the trial court rendered a judgment granting PJF, Inc.'s motion to quash, issuing a protective order, and casting costs to Plaintiffs, Carl Fontenot and Darwin Fontenot.  In its written reasons for ruling, the trial court stated:

> Louisiana[] Code of Civil Procedure Article[] 1422 provides in part, "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."  However, La.R.S. 12:1-1602(A) provides:
>
> > A shareholder of a corporation is entitled to inspect and copy, during regular business hours at the corporation's principal office, any of the records of the corporation described in R.S. 12:1-1601(E) if the shareholder gives the corporation a signed written notice of the shareholder's demand at least five business days before the date on which the shareholder wishes to inspect and copy.
>
> This matter is a dispute involving beneficiaries and trustees. The claims arise for [sic] Louisiana Trust Code.  The Plaintiffs are the beneficiaries and wish to seek documents from PJF, Inc., through a subpoena duces tecum, which is not an asset of the trust.  The two Trusts own the stock of PJF, Inc.; and as such, are shareholders and do not control corporate financial documents of PJF, Inc.  Percy J. Fontenot, Inc. is not a party to this dispute.  The records sought regard the internal management of PJF, Inc.  This Court finds corporate records of an incorporated entity in which the Trust[] may own shares of stock in, are not discoverable.

Plaintiffs, Carl Fontenot and Darwin Fontenot, appeal.  They assert the following as assignments of error (alteration in original):

1. Trustees owe the *highest* of fiduciary duties to trust beneficiaries. The District Court abused its discretion when it quashed Plaintiff-Appellants' subpoena duces tecum to Appellee PJF, Inc. Documents regarding Appellee PJF, Inc.'s business and operations

are highly relevant to whether Defendants breached this [sic] their solemn obligations to Plaintiff-Appellants.

2. The District Court committed legal error when it held that "corporate records of an incorporated entity in which [a] [t]rust . . . own[s] shares of stock . . . are not discoverable[.]" In a dispute between beneficiaries and trustees regarding the soundness of a trust corporate holding (like stock), particularly where, as here, the Trusts own 100% of the voting stock of the corporation and thus the Trustees have complete control over its operation and management, documents from the corporation are reasonably calculated to make the issues in dispute more or less likely to be true.

## ANALYSIS

"[A] trial judge has broad discretion in regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse of that discretion." *Bell v. Treasure Chest Casino, L.L.C.*, 06-1538, pp. 3-4 (La. 2/22/07), 950 So.2d 654, 656.

Louisiana Code of Civil Procedure Article 1422, in part, provides the following with respect to the scope of allowable discovery:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Louisiana Code of Civil Procedure Article 1463 contemplates as a type of discovery a subpoena duces tecum served on a non-party directing the non-party to "produce documents and things for inspection and copying . . . provided that a reasonably accurate description of the things to be produced, inspected, or copied is given."

8

It is well-established in Louisiana jurisprudence that discovery statutes are to be liberally and broadly construed to achieve certain basic objectives of the discovery process:

> (1) to afford all parties a full and fair opportunity to obtain facts pertinent to litigation, (2) to discover the true facts and compel disclosure of these facts wherever they may be found, (3) to assist litigants in preparing their case for trial, (4) to narrow and clarify the issues between the parties, and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims.

*Quality Env't. Processes, Inc. v. I.P. Petroleum Co., Inc.*, 13-1582, 13-1588, 13-1703, p. 22 (La. 5/7/14), 144 So.3d 1011, 1026 (quoting *Hodges v. S. Farm Bureau Cas. Ins. Co.*, 433 So.2d 125, 129 (La.1983)).

Plaintiffs argue on appeal that the trial court abused its discretion in granting PJF, Inc.'s motion to quash because the documents sought from PJF, Inc. are relevant to the subject matter of this litigation—that is, Defendants' alleged self-dealing, breaches of their fiduciary duties, and resulting damages. Plaintiffs contend that under La.R.S. 9:2127, trustees have a fiduciary duty to invest and manage trust property as prudent investors, as well as a duty to vote shares of stock owned by a trust in the best interest of the trust beneficiaries. They further argue that conflict of interest concerns arise when a trustee, in his representative capacity, votes shares of stock owned by the trust to elect himself individually as a director of the corporation in which the trust owns stock.

Plaintiffs note that Defendants have used their power as trustees to vote one hundred percent of PJF, Inc.'s voting stock to elect themselves to PJF Inc.'s Board

of Directors and appoint themselves officers.[3] According to Plaintiffs, Defendants "are not merely passive investors of PJF, Inc.[] stock. Rather, they control the day-to-day management and business operations, and ultimately the financial health of[] PJF, Inc. and its stock."

Plaintiffs allege that this has allowed Defendants to pay themselves excessive salaries through PJF, Inc., cause PJF, Inc. to pay Defendants' personal expenses, and provide Defendants with exclusive access to recreational property owned by PJF, Inc. for their personal benefit, to the detriment of the Trusts' interest in PJF, Inc. stock. Plaintiffs further claim that PJF, Inc. intentionally does not show a profit on its financial statements, that the PJF, Inc. stock owned by the Trusts is no longer profitable, and that Defendants are in breach of their fiduciary duties by causing the Trusts to hold onto this unprofitable stock, which is the primary asset of the Trusts.

Plaintiffs argue that the documents it requested via the subpoena duces tecum issued to PJF, Inc. are relevant and discoverable because they "are certain to bare [sic] on whether reasonably prudent co-trustees would continue to hold PJF, Inc. stock, would vote for an independent Board of Directors, would demand compliance with [generally accepted accounting principles], and would pursue manifest shareholder derivative actions." They argue that they bear the burden of proof at trial, that the information contained in the documents sought will make their claims more or less likely to be true, and that barring them from acquiring the documents to create a complete documentary record will materially affect the outcome of the litigation.

---

[3] Plaintiffs assert that Anita Fontenot and Douglas Fruge, II are both directors and officers of PJF, Inc. They are also trustees of one or both Trusts.

In response, PJF, Inc. argues on appeal that the trial court's ruling should be affirmed because this is an action by Plaintiffs as trust beneficiaries against Defendants solely in their capacity as trustees, and Plaintiffs' claims arise solely under the Trust Code. It asserts that PJF, Inc. is neither a trust beneficiary, trustee, or party to this action and that Plaintiffs, as trust beneficiaries, have no cause of action or right of action against PJF, Inc. and/or its officers or directors. Therefore, according to PJF, Inc., Plaintiffs do not have a right to obtain PJF, Inc.'s records through discovery in this litigation.

PJF, Inc. further argues that this dispute between trust beneficiaries and trustees is limited in scope to actions taken in administration of the Trusts. It suggests that none of the documents being sought reflect decisions made by anyone in their capacity as trustee, but rather, the requested documents reflect decisions made by persons acting in their capacity as officers and directors of PJF, Inc. PJF, Inc. argues that "[t]he officers and directors of PJF, Inc., when acting in their capacities as officers and directors, <u>owe no duty whatsoever</u> to the beneficiaries of a trust that may own shares of stock[,]" and that "[t]he actions and decisions in the management of the company are not relevant to this case."

PJF, Inc. also asserts that Plaintiffs, as beneficiaries of the Trusts that own shares of PJF, Inc.'s stock, have no rights under La.R.S. 12:1-1602 to inspect PJF, Inc.'s corporate records. It suggests that the trial court was correct in recognizing that the inspection rights contemplated by La.R.S. 12:1-1602 are limited to shareholders, and Plaintiffs, in their capacity as trust beneficiaries, are not shareholders. PJF, Inc. further argues that the Trust Code does not provide an

action that allows trust beneficiaries to inspect or obtain internal corporate records of an entity that is not a trustee or party to a dispute.[4]

While we agree with PJF, Inc. that, under the circumstances of this case, it does not owe any fiduciary duties to Plaintiffs in their capacity as trust beneficiaries and La.R.S. 12:1-1602 does not give Plaintiffs, as trust beneficiaries, the right to inspect PJF, Inc.'s records, neither of these facts are determinative of whether PJF, Inc.'s records are discoverable by Plaintiffs in the course of this litigation. Rather, the question is whether the requested records are "relevant to the subject matter in the pending action" or otherwise "appear[] reasonably calculated to lead to the discovery of admissible evidence." La.Code Civ.P. art. 1422.

It does not appear from the trial court's reasons for ruling that it specifically reached the question of relevancy, but rather, it found the requested information was not discoverable because Plaintiffs did not have inspection rights under La.R.S. 12:1-1602, their claims arise under the Trust Code, and the requested records, which are not in the control of the Trusts, involve the management of PJF, Inc.

First, we find that the trial court was in error to the extent that it concluded that La.R.S. 12:1-1602 operates to the exclusion of the discovery statutes and/or that records of a corporation in which a trust owns stock are never discoverable in litigation brought by beneficiaries of that trust. Further, we agree with Plaintiffs that the trial court abused its discretion in granting PJF. Inc.'s motion to quash.

---

[4] PJF, Inc. also argues on appeal that the subpoena duces tecum was issued in bad faith, and it cites to proffered evidence. The trial court seemingly rejected this argument, and Plaintiffs have not appealed the trial court's decision or exclusion from the record of the proffered evidence. Therefore, we will not consider this argument or the proffered evidence on appeal. PJF, Inc. also suggests in its appellee brief that Plaintiffs' subpoena duces tecum was overbroad, unreasonably burdensome, and oppressive; however, this argument was not presented to, or ruled upon, by the trial court, and is therefore not properly before us.

The records sought by Plaintiffs' subpoena duces tecum are relevant to Plaintiffs' claims for relief arising out Defendants' alleged breaches of their fiduciary duties.

The duties owed by trustees to trust beneficiaries are set forth in La.R.S. 9:2081–2097. Louisiana Revised Statutes 9:2082(A) requires that "[a] trustee shall administer the trust solely in the interest of the beneficiary." "'The duty of loyalty is the fundamental duty owed by a trustee as a fiduciary.'" *In re Eleanor Pierce (Marshall) Stevens Living Trust*, 14-697, 14-827, 14-828, p. 14 (La.App. 3 Cir. 2/18/15), 159 So.3d 1101, 1110 (quoting *Thomas v. Kneipp*, 43,228, p. 7 (La.App. 2 Cir. 5/28/08), 986 So.2d 175, 181). Trustees are also required to "invest and manage trust property as a prudent investor." La.R.S. 9:2127.

> [T]he statutory provisions relative to the responsibilities of a trustee are very rigid and hold the trustee to an even higher fiduciary responsibility to his beneficiary than that owed by a succession representative to heirs. The very word "trustee" implies the strongest obligation on the part of the trustee to be chaste in all dealings with the beneficiary.
>
> . . . These provisions of the Trust Code evidence the intention by the Legislature to place the very highest possible fiduciary responsibility on the trustee towards the beneficiaries.

*Succession of Dunham*, 408 So.2d 888, 900–01 (La.1981).

A trustee who commits a breach of trust may be held liable for the resulting loss in value or depreciation of the trust estate, the profit the trustee made through breach of trust, or a profit that would have accrued to the trust estate had there not been a breach. La.R.S. 9:2201. Moreover, a trust beneficiary may institute an action to remove a trustee and compel him to redress a breach of trust. La.R.S. 9:2221.

Plaintiffs' claims, in part, stem from Defendants, as trustees, electing themselves to PJF, Inc.'s Board of Directors, which, according to Plaintiffs, allowed them to control the day-to-day management of PJF, Inc. to the detriment of PJF, Inc., and, ultimately, to the detriment of the Trusts' interest in PJF, Inc.'s stock, which is the Trusts' most significant asset. Plaintiffs claim that Defendants also failed to prudently manage the Trusts' shares of stock of PJF, Inc. and breached their duty to cause the stock to be productive of income. *See Succession of Dunham*, 408 So.2d 888.

The fact that PJF, Inc.'s records reflect the actions of Defendants as directors and/or officers of PJF, Inc., rather than their actions as trustees on behalf of the Trusts, does not, under the circumstances of this case, shield PJF, Inc. from having to produce the documents Plaintiffs have requested via the otherwise valid subpoena duces tecum issued during this litigation. We agree with Plaintiffs' statement in their brief to this court that Defendants have created potential conflict of interest concerns "by taking on multiple roles – each with unique fiduciary responsibilities to different persons. Even while acting as officers and directors, *they remain trustees*, and their duty of loyalty *always attaches*." Because Defendants as trustees are not, as determined by the trial court, in possession or control of PJF, Inc.'s requested documents, it was proper for Plaintiffs to issue a subpoena duces tecum to PJF, Inc. to obtain the requested documents, which are relevant and discoverable to Plaintiffs in connection with this litigation.

We further find that *S.E. Property Holdings*, 231 So.3d 89, which was cited by PJF, Inc. in support of the trial court's judgment, is not appliable to the instant case. In that case, a judgment creditor was precluded from obtaining, via a subpoena duces tecum, financial records from a non-party limited liability

company (LLC), even though the judgment debtor was a member of the LLC and his ownership interests in the LLC had been assigned to the judgment creditors. The basis of the court's decision was that the provisions of the Louisiana's LLC Act (La.R.S. 12:1301, et. seq.), rather than general discovery statutes, were controlling of the issue, and, because the judgement creditor was merely an assignee of the judgment debtor's interest in the LLC, it was not entitled to discover the LLC's financial records. The instant case does not involve the rights of judgment creditors or the LLC Act.

Therefore, we conclude that the trial court abused its discretion in granting PJF, Inc.'s motion to quash, and its judgment is hereby reversed.

## **DECREE**

For the reasons set forth above, the trial court's October 11, 2022 judgment granting Percy J. Fontenot, Inc.'s motion to quash, issuing a protective order, and casting costs is hereby reversed in favor of Plaintiffs, Carl Fontenot and Darwin Fontenot. Costs of this appeal are assessed to Percy J. Fontenot, Inc.

**REVERSED.**