NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**23-630**


**SUNNI JO BLANCHARD, ET AL**

**VERSUS**

**TONY MANCUSO, SHERIFF OF CALCASIEU**

**PARISH, ET AL**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2019-2300
HONORABLE KENDRICK J. GUIDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Guy E. Bradberry, and Wilbur L. Stiles, Judges.


**AFFIRMED.**

**Zachary R. Christiansen**
**Bowling Christiansen Law Firm, APLC**
**1615 Poydras St., Suite 1050**
**New Orleans, LA 70112**
**(504) 586-5200**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Sunni Jo Blanchard, individually, and on behalf of**
    **Ricky J Blanchard and Jordin L Blanchard**

**Jamie C. Gary**
**David P. Bruchhaus**
**Lenzi C. Hebert**
**Mudd, Bruchhaus & Keating, LLC**
**422 East College St., Suite B**
**Lake Charles, LA 70605**
**(337) 562-2327**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Calcasieu Parish Sheriff Tony Mancuso**
    **Craig Guillory, Jr.**

**David A. Bowling**
**Bowling Christiansen Law Firm**
**1615 Poydras Str., Suite 1050**
**New Orleans, LA 70112**
**(504) 586-5200**
**COUNSEL FOR INTERVENOR/APPELLEE:**
    **The Bowling Law Firm ,APLC**

**Michael Kevin Cox**
**Cox, Cox, Filo, Camel & Wilson**
**723 Broad St.**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Michael C. Romero-Judgment Creditor**

**SAVOIE, Judge.**

Plaintiffs appeal the trial court's judgment dismissing their claims as a result of their failure to timely provide verified responses to discovery in accordance with a prior order of the trial court. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 2019, Sunni Jo Blanchard ("Ms. Blanchard"), individually, and as tutrix of Ricky Joseph Blanchard and Jordin Lain Blanchard (collectively, "Plaintiffs"), filed claims arising out of the death of Jessie Joseph Blanchard ("Mr. Blanchard"). Specifically, Plaintiffs alleged that on November 4, 2018, at 4:54 a.m., Craig Guillory, Jr., a Calcasieu Parish Sheriff's deputy, was driving a Ford Explorer on Highway 3020 near the intersection of Goodman Road and Opelousas Street and struck Mr. Blanchard, who was a pedestrian. Mr. Blanchard sustained fatal injuries as a result of the accident.

Sunni Jo Blanchard was Mr. Blanchard's wife, and Ricky and Jordin Blanchard are Mr. Blanchard's children. Plaintiffs named as Defendants, Tony Mancuso, the Sheriff of Calcasieu Parish, as well as Mr. Guillory (collectively, "Defendants").

On September 15, 2022, Defendants filed a Motion to Compel Discovery. Therein, they noted that on July 3, 2019, they propounded requests for production of documents on Plaintiffs, through their counsel of record, James Doyle and Christian Chesson. They further noted that Zach Christiansen enrolled as Plaintiffs' counsel in 2022, and that on April 12, 2022, Defendants forwarded the original discovery requests to Mr. Christiansen, who acknowledged receipt. After not receiving responses, Defendants' counsel scheduled a discovery conference with

Mr. Christiansen in accordance with Local Rule 10.1 of the Uniform Rules for District Courts ("Rule 10.1"); however, Plaintiffs' counsel failed to attend.

A hearing on Defendants' Motion to Compel was held November 14, 2022. Neither Plaintiffs' counsel nor Plaintiffs appeared at the hearing. Defendants' counsel informed the trial court that, while waiting in court prior to the hearing, he checked his email, and saw that Plaintiffs' counsel had emailed him an unsigned and unverified document with draft responses without any attached documents and with an indication that he would have his client verify the responses at a later date. The transcript of the November 14, 2022 hearing further reflects that the trial court attempted to call Mr. Christensen during the proceeding, but it was unsuccessful.

Thereafter, the trial court rendered a judgment ordering "that Plaintiffs have fifteen (15) days from November 14, 2022[,] to provide Defendants with verified responses to outstanding Request for Production of Documents propounded on Plaintiffs on or about July 3, 2019." The judgment also stated, "IT IS HEREBY FURTHER, ADJUDGED AND DECREED that if Plaintiffs do not provide Defendants with verified responses within fifteen (15) days from November 14, 2022, Plaintiffs' claims in this matter shall be dismissed."

On November 30, 2022, Defendants served a copy of a Motion to Dismiss with Prejudice and Continue Trial Date on Plaintiffs' counsel, and the motion was filed on December 7, 2022. Defendants again noted the timeline regarding the outstanding discovery and stated that, despite the trial court's order requiring verified responses by November 29, 2022, they had not received any responses from Plaintiffs.

On December 30, 2022, Plaintiffs filed a memorandum in opposition to Defendants' motion to dismiss. Plaintiffs stated that they did not dispute the

timeline presented by Defendants in their motion but suggested that the discovery responses emailed to counsel prior to the hearing on Defendants' motion to compel were complete except for the client's verification. They noted an email sent to Defendants' counsel at 8:26 a.m. on November 14, 2022, the day of the hearing on the motion to compel, which stated, "Ms. Blanchard was supposed to come into my office on Friday and sign the[] verification so that I could finalize these. I do not expect there to be any changes but I am producing what we have as of now and will finalize in the next couple of days[.[1]]"

Plaintiffs further suggested in their opposition memorandum that, with respect to the trial court's November 29, 2022 deadline to submit verified responses, Plaintiffs were "unable to appear before a notary until November 29 at 1:30 p.m. The signed original did not arrive at counsel for Plaintiffs until November 30, 2022. Immediately following its receipt, Plaintiffs sent the signed and complete discovery responses to Defendants via email and mail." Plaintiffs then noted an email sent to Defendants' counsel at 3:36 p.m. on November 30, 2022, with responses to Defendants' requests for production and a verification signed by Ms. Blanchard on November 30, 2022.

A hearing on Defendants' Motion to Dismiss was held January 9, 2023. Ultimately, the trial court granted Defendants' motion and dismissed Plaintiffs' claims with prejudice.

Plaintiffs appeal and assert the following as assignments of error: "The [t]rial [c]ourt committed error in granting the Defendants'/Appellees' motion to dismiss. Additionally, the [t]rial [c]ourt committed an abuse of discretion when it

---

[1] The record does not contain any documents attached to the November 14, 2022 email.

entered the discovery sanction mandating dismissal if the verification was not provided within 15 days of the [t]rial [c]ourt's order."

## ANALYSIS

We will first address Plaintiffs' argument that the trial court abused its discretion in initially compelling discovery responses by November 29, 2022, and mandating dismissal of Plaintiffs' action for failing to comply.

"[A] trial judge has broad discretion in regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse of that discretion." *Bell v. Treasure Chest Casino, L.L.C.*, 06-1538, pp. 3-4 (La. 2/22/07), 950 So.2d 654, 656.

Louisiana Code of Civil Procedure Article 1469 allows a party to seek an order compelling responses to discovery. If a party fails to obey a court order to provide discovery,

> the court in which the action is pending may make such orders in regard to the failure as are just, including any of the following:
>
> . . . .
>
> 3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, **or dismissing the action** or proceeding or any part thereof, or rendering a default judgment against the disobedient party upon presentation of proof as required by Article 1702

La.Code Civ.P. art. 1471(A)(emphasis added).

This case has been pending since May 2019. It is undisputed that Plaintiffs did not respond to Defendants' requests for production propounded on July 3, 2019, and sent to Mr. Christiansen April 12, 2022, within the thirty-day time period required by La.Code Civ.P. art. 1462. It is also undisputed that Plaintiffs' counsel did not attend the Rule 10.1 discovery conference set by Defendants' counsel for

4

September 1, 2022, or otherwise return Defendants' counsel's call regarding the conference. In addition, neither Plaintiffs' counsel, nor Plaintiffs, appeared at the scheduled court hearing on Defendants' motion to compel, and counsel did not answer the trial court's phone call during the hearing.

While Defendants' counsel informed the trial court that while waiting in court prior to the start of the 9:00 a.m. hearing he received an email from Plaintiffs' counsel with draft responses, the responses were not signed by counsel, were not verified by Plaintiffs, and did not include any of the requested documents.

Given the circumstances, we find that the trial court was well within its discretion in giving Plaintiffs an additional fifteen days within which to provide completed and signed responses to Defendants' discovery, which had gone unanswered for well over a year, and also in ordering dismissal in the event Plaintiffs failed to comply with the deadline, as that is an appropriate sanction contemplated by La.Code. Civ.P. art. 1471.

We next consider the trial court's dismissal of Plaintiffs' action following their failure to comply with the trial court's order compelling discovery responses by November 29, 2022.

"The trial court has much discretion in imposing sanctions for failure to comply with discovery orders, and its ruling should not be reversed absent an abuse of discretion." *Hutchinson v. Westport Ins. Corp.*, 04-1592, p. 2 (La. 11/8/04), 886 So.2d 438, 440.

"Refusal to comply with court ordered discovery is a serious matter. *See Chilcutt v. U.S.*, 4 F.3d 1313 (5th Cir.1993). Trial judges must have severe sanctions available to deter litigants from flouting discovery orders." *Horton v. McCary*, 93-2315 (La. 4/11/94), 635 So.2d 199, 203. While La.Code Civ.P. art.

5

1471 contemplates dismissal as a sanction for failing to comply with a discovery order, dismissal is "generally reserved for the most culpable conduct." *Id.*

In *Horton,* 635 So.2d at 203, the Louisiana Supreme Court adopted four factors to consider in dismissing an action for failing to comply with an order compelling discovery:

> (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party's trial preparation; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.

The record supports a conclusion that these factors weigh in favor of dismissal. Defendants' discovery went unanswered for well over a year, and Plaintiffs were given ample opportunities to respond. However, they failed to attend the discovery conference, failed to attend the hearing on the motion to compel, and further failed to timely provide verified responses within the extended deadline ordered by the trial court. There is no indication in the record that Plaintiffs' refusal to comply with the court order was anything but willful.

Further, the record supports a conclusion that Plaintiffs participated in the violation. Plaintiffs' counsel indicated in his November 14, 2022 email that his client was supposed to have come into his office to approve and verify the responses prior to the hearing on Defendants' motion to compel; yet, apparently she did not do so. In addition, Plaintiffs' counsel stated in the November 14, 2022 email that the verified responses would be forwarded within "a couple of days;" yet, they were not. Rather, in opposing Defendants' motion to dismiss, Plaintiffs' counsel represented to the trial court that his client could not verify the responses until the afternoon of November 29, 2022. However, his client did not actually

6

sign them until the following day, which was after the trial court's deadline had passed, and after Defendants' counsel served Plaintiffs' counsel with a copy of the motion to dismiss.

While Plaintiffs suggest on appeal that the trial court did not allow Ms. Blanchard to testify at the hearing on Defendants' motion to dismiss, we note that the record does not show where counsel formally called Ms. Blanchard as a witness. In addition, Ms. Blanchard's testimony was not otherwise proffered. When "a party fails to proffer excluded evidence, an appellate court cannot analyze it and its admissibility, and that party is precluded from complaining of the excluded testimony." *Whitehead v. Kansas City Southern Ry. Co.*, 99-896, p. 11 (La.App. 3 Cir. 12/22/99), 758 So.2d 211, 218–19, *writ denied*, 00-209 (La. 4/7/00), 759 So.2d 767.

In addition, the prejudice to Defendants' trial preparation is clear. This matter has been pending since May 2019, and discovery has been outstanding since July 2019. In January 2022, Mr. Christensen enrolled as Plaintiffs' counsel, in March 2022, *Plaintiffs* moved to set the case for trial, and trial was set for January 9, 2023. Despite Mr. Christiansen receiving a copy of Defendants' requests for production of documents in April 2022, Plaintiffs continued to withhold responses, The discovery at issue contained nine requests for basic information including tax information, birth certificates pertaining to the minor children, medical bills, photos, and other exhibits Plaintiffs intended to rely upon at trial. This information is pertinent to Plaintiffs' case and necessary for Defendants to adequately prepare for trial.

Moreover, the trial court made clear in its prior ruling on Defendants' motion to compel that dismissal would be imposed as a sanction if Plaintiffs failed

to timely comply with the order compelling discovery; yet, Plaintiffs ignored the trial court's order until after the deadline passed and they were served with a motion to dismiss. While dismissal is a harsh remedy, we conclude that, under the circumstances of this case, the trial court did not abuse its discretion in dismissing Plaintiffs' action in accordance with the trial court's prior order for failing to timely comply therewith.

## DECREE

For the reasons stated herein, the trial court's judgment dismissing Plaintiffs' claims with prejudice is hereby affirmed. Costs of this appeal are assessed to Sunni Jo Blanchard, individually, and as tutrix of Ricky Joseph Blanchard and Jordin Lain Blanchard.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.